F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

GEORGE GREGORY JACKSON,

Plaintiff-Appellant,

v.

ANALYST INTERNATIONAL
CORPORATION; ANDERSEN
CONSULTING; YELLOW
TECHNOLOGY SERVICES, INC.,

Defendants-Appellees.

No. 97-3076
(D.C. No. 96-2055-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

_____

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant George Gregory Jackson appeals from the district court's orders granting summary judgment to defendants-appellees Analyst International Corp. (AIC), Andersen Consulting (Andersen) and Yellow Technology Services (YTS).  We affirm.

Plaintiff suffered a broken left tibia and clavicle in an automobile accident in 1984.  He claims that as a result of his accident, he cannot work while wearing a tie, and also that he needs to wear loose-fitting clothing around the clavicle area and shoes that accommodate his feet.

In February 1995, AIC hired plaintiff as a computer consultant.  AIC is a contract programming service which provides temporary computer programming services to its clients.  AIC assigned plaintiff to Anderson on a temporary basis.  Anderson ran a project known as the BASICS project for YTS.  Plaintiff worked on the BASICS project at the YTS facility from February 6, 1995 until June 6, 1995, when AIC removed him from the project and terminated his consulting contract.

Andersen and YTS employees are expected to wear dress shirts and ties to work.  YTS employees may wear "business casual" attire on Fridays and more casual dress on the last Friday of the month.  From February 6, 1995 to March 13,

1995, plaintiff wore a dress shirt and a loose tie to work. He also wore loose fitting pants and casual leather shoes with thick cushioned socks. On March 13, 1995, plaintiff brought his supervisor at YTS a note from his doctor in which the doctor recommended that plaintiff be allowed to wear more casual type shirts in order not to irritate the collar bone fracture. After receiving this note, defendants did not require plaintiff to wear a tie to work.

Plaintiff and defendants differ on what happened next. Plaintiff insists that he was well-groomed throughout the remainder of his employment, wearing white button-down shirts or polo shirts except on Fridays, when more casual attire was permitted. Defendants claim that plaintiff began wearing Hawaiian print shirts, tennis shoes and wrinkled pants to work.

AIC removed plaintiff from work at YTS, in part because his business attire was inappropriate by Andersen and YTS standards. AIC attempted to locate additional work for plaintiff, but was unable to do so, given his style of dress. Eventually, AIC terminated plaintiff's employment. Thereafter, plaintiff filed this suit, contending that defendants' actions in terminating his employment violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12001-12213.

"We review a grant of summary judgment de novo. We apply the same standard under Fed. R. Civ. P. 56(c) used by the district court: we determine whether a genuine issue of material fact was in dispute, and, if not, whether the

substantive law was correctly applied." Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1081 (10th Cir. 1997) (citations omitted).

To establish a claim under the ADA, a plaintiff must demonstrate:  (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified; that is, that he can perform the essential functions of the job with or without reasonable accommodation (which he must describe); and (3) that the employer discriminated against him in terminating his employment because of his alleged disability.  See Sutton v. United Air Lines, Inc., 130 F.3d 893, 897 (10th Cir. 1997).  The district court found that plaintiff failed to establish the first two criteria of this test.

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  Plaintiff contends that he qualifies as "disabled" under both (A) and (C).

We first consider whether plaintiff's alleged disability substantially limits one or more of his major life activities.  The ADA does not define "major life activities;" however, the EEOC regulations that implement the statute identify them as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R.

-4-

§ 1630.2(i).  In order for a physical or mental impairment to be "substantially limiting" the individual must be:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or

> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

The district court found that plaintiff failed to demonstrate that he is substantially impaired in a major life activity other than work.  It noted that he admitted his ability to care for his personal hygiene, food preparation, shopping and house cleaning without assistance.  Further, he participates in sports such as racquetball and golf, which are listed as hobbies on his resume.[1]  The evidence supports the district court's conclusions.

The evidence demonstrates plaintiff can perform all relevant major life activities.  He contends, however, that his ability to perform such activities is

---

[1]  Plaintiff argues before this court that these sports were listed on his resume as hobbies since 1980, before his accident, and merely carried forward.  This argument is frivolous in light of his deposition testimony that the resume accurately reflected his hobbies as of 1994-95, and that he continues to play many of the sports listed.  Appellant also likens his sports activities to those of a disabled participant in the Special Olympics.  This argument is also frivolous; nothing in the record indicates that plaintiff participates in sports as a disabled or handicapped person.

significantly restricted because he can only do so while dressed casually. Plaintiff testified that his collarbone pain interferes with his major life activities when he is compelled to wear a dress shirt and tie; that he cannot pay attention to what he sees or what he hears, and cannot learn because he is in such pain. He points to the note from his physician, recommending that he be allowed to wear "more casual type shirts" in order to avoid irritating his collar bone fracture. Assuming that plaintiff thereby made a minimally sufficient showing of impairment to survive summary judgment, he has failed to show that he must perform any major life activities outside the work environment while dressed in a shirt and tie. We therefore conclude that the only major life activity even remotely affected by plaintiff's alleged disability is his ability to work.

The regulations specify that with respect to the major life activity of working, the term "substantially limits" means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). Specific factors to be considered, in addition to those applicable to life activities generally, include:

(A) The geographical area to which the individual has access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area,

-6-

from which the individual is also disqualified because of the
impairment (class of jobs); and/or

(C) The job from which the individual has been disqualified because
of an impairment, and the number and types of other jobs not
utilizing similar training, knowledge, skills or abilities, within that
geographical area, from which the individual is also disqualified
because of the impairment (broad range of jobs in various classes).

Id. § 1630.2(j)(3)(ii).

Plaintiff has failed to present evidence showing that his need to dress
casually has significantly restricted his ability to perform a class of jobs or a
broad range of jobs in various classes. Plaintiff points to an expert report
showing that one-third of computer programmer positions in the Kansas City
metropolitan area require the programmer to wear a shirt and tie. He presents no
evidence, however, that his access to jobs is limited to the Kansas City area, nor
does he show that he is unable to perform other jobs within or outside the class of
computer programmer. No reasonable jury could conclude that plaintiff has "a
physical or mental impairment that substantially limits one or more of [his] major
life activities," including work.

Plaintiff argues, alternatively, that he is disabled because he is "regarded as
having" an impairment which substantially limits his ability to work. This
argument requires plaintiff to show that he:

(1) Has a physical or mental impairment that does not substantially
limit major life activities but is treated by a covered entity as
constituting such limitation;

-7-

(2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

(3) Has none of the impairments defined in [29 C.F.R. § 1630.2(h)] but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(l).

In determining whether a plaintiff is regarded as having an impairment which substantially limits his ability to work, we focus on the impairment's or perceived impairment's effect upon the attitudes of others. See Sutton, 130 F.3d at 903. The plaintiff must show "that the employer regarded him or her as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes." Id. at 904. The district court correctly determined that plaintiff failed to present evidence of this factor pertaining to Andersen and YTS. Although he showed that they allowed him to go without a tie, this fact alone is insufficient to raise a triable issue of fact concerning whether Andersen and YTS regarded him as disabled.

AIC, on the other hand, terminated plaintiff's employment because it had no other clients who would allow him to work in casual attire. Moreover, Dave Henneberg, plaintiff's manager at AIC, believed plaintiff could not perform his job properly if required to wear a tie. Plaintiff points to no evidence, however, that AIC regarded him as significantly restricted in his ability to perform a class

of jobs or a broad range of jobs in various classes compared to the average person. Therefore, plaintiff fails to show that AIC regarded him as disabled.

In light of our conclusion that plaintiff has failed to show that he is disabled, we need not consider whether he meets the other criteria to establish a claim under the ADA. The judgment of the United States District Court for the District of Kansas is AFFIRMED. All pending motions are DENIED.[2]

Entered for the Court


James E. Barrett
Senior Circuit Judge

---

[2] Plaintiff has submitted several additional medical exhibits which were not before the district court when it ruled on the summary judgment motions. In reviewing a ruling on summary judgment, we will not consider evidence not before the district court. See John Hancock Mut. Life. Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994). We therefore deny plaintiff's motion to supplement the record. Defendants have moved to strike the additional exhibits submitted by plaintiff. Our denial of plaintiff's motion to supplement the record makes it unnecessary for us to grant the relief sought by defendants; accordingly, we also deny their motions to strike.